UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

RAMONA Y. MCCLAIN, : CASE NO. 1:18CV01082
:
       Plaintiff, :
:
vs. : ORDER OF DISMISSAL
: [Resolving Doc. 1]
COMMISSIONER OF THE SOCIAL :
SECURITY ADMINISTRATION, :
:
       Defendant. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Ramona Y. McClain filed this action seeking judicial review of an adverse decision by the Commissioner of the Social Security Administration.[1] Plaintiff filed a motion to proceed *in forma pauperis*, but her application was incomplete.[2] On May 22, 2018, Magistrate Judge David Ruiz issued a deficiency order specifying the additional information required to complete the application, and ordered McClain file that information within 30 days or her motion to proceed *in forma pauperis* may be denied without further notice.[3] McClain did not respond to the deficiency order in any way and her motion was denied.[4]

---

[1] Doc. 1.
[2] Doc. 2.
[3] Doc. 4.
[4] Doc. 5.

Case No. 1:18CV01082
Gwin, J.

The Court ordered McClain to pay the full filing fee of $400.00 by July 20, 2018, and warned McClain that "[f]ailure to do so may result in the dismissal of this case without further notice."[5] A copy of that Order was mailed to McClain at her address of record on July 9, 2018. The envelope was not returned to the Court as undeliverable. As of this date, McClain has neither paid the filing fee nor responded to the Court's Order.

Although *pro se* plaintiffs are held to less stringent pleading standards than attorneys, "cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders."[6] Fed. R. Civ. P. 41(b) authorizes involuntary dismissal of an action for failure to prosecute or to comply with a district court's orders.[7] Rule 41(b) "recognizes the power of the district court to enter a sua sponte order of dismissal."[8]

There are four factors the Court must consider when determining whether to dismiss an action pursuant to Rule 41(b): "'(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'"[9] No single factor is dispositive, although dismissal is proper "'where there is a clear record of delay or contumacious conduct.'"[10]

---

[5] *Id*.
[6] *Beard v. Comm'r of Soc. Sec.*, No. 1:17CV01009-JDB-egb, 2017 WL 5346391, at *3 (W.D. Tenn. Nov. 13, 2017) (quoting *Roman v. Comm'r of Soc. Sec.*, No. 3:11-CV-2096, 2012 WL 2026713, at *2 (N.D. Ohio May 18, 2012) (citation omitted), *report and recommendation adopted by* 2012 WL 2026616 (N.D. Ohio Jun. 5, 2012)).
[7] *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) ("Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.' This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'") (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).
[8] *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).
[9] *Schafer v.City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).
[10] *Id*.

Case No. 1:18CV01082
Gwin, J.

As to the first factor, McClain has not complied with the Court's July 9th Order or sought an extension of time to do so. The second factor is neutral as the Commissioner of Social Security has not responded to the Complaint. With respect to the third factor, the Court's Order expressly warned McClain that failure to pay the filing fee may result in dismissal of the case without further notice. Finally, McClain was notified of the specific steps required to comply with both the Magistrate Judge's deficiency order and the Court's Order denying her motion to proceed *in forma pauperis* and requiring payment of the filing fee, and provided her with a reasonable amount of time to comply. McClain did not respond to either order, and it appears that she has abandoned her case.[11] Because McClain disregarded the deadlines and requirements of two earlier orders, and was warned that failure to comply with the Court's July 9th Order may result in dismissal of the case, the Court concludes that an alternative sanction would not be successful in achieving effective and efficient management of this action.

After considering all four factors, the Court exercises its discretion to dismiss this action pursuant to Rule 41(b) for failure to prosecute and to comply with the Court's Order.[12]

---

[11] *See Rivera v. Comm'r of Soc. Sec. Admin.*, No. 4:16CV2316, 2017 WL 1683660, at *1 (N.D. Ohio Apr. 11, 2017) (noting that plaintiff appears to have abandoned her case after not complying with two court orders, and recommending dismissal pursuant to Rule 41(b)), *report and recommendation adopted sub nom. Rivera v. Comm'r of Soc. Sec.*, No. 4:16-CV-2316, 2017 WL 1649825 (N.D. Ohio May 2, 2017).

[12] *See Duvall v. Comm'r of Soc. Sec.*, No. 2:12-CV-486, 2012 WL 5935950, at *1 (S.D. Ohio Nov. 27, 2012) (dismissing action pursuant to Rule 41(b) for failing to meet scheduling deadlines and to respond court's show cause order).

Case No. 1:18CV01082
Gwin, J.

Accordingly, this action is dismissed and closed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: July 26, 2018                                  *s/     James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE